33a.y, J.
This action was brought in tbe court of common pleas, b.y the defendant in error against the plaintiffs in error, to recover damages for false imprisonment.
*142 L. W. Faweet, one of the plaintiffs in, error, answered the petition setting up two distinct defenses. The first defense admitted many of the averments of the petition. Such facts as his election and qualification as constable; the making of the writing obligatory with his co-plaintiff in error, as sureties therein; the detention or imprisonment by him of the defendant in error are, in terms, conceded; but that the detention complained of was malicious, unlawfhl, and without warrant of law, and all damage, is denied.
As a second defense the following facts substantially are stated: That the answering defendant was a constable of Rush-creek township, Logan county, Ohio, duly elected, qualified and acting as such; that on the 17th day of February, 1891, by virtue of a warrant of arrest duly issued by a duly qualified and acting justice of the peajee of said township, he had arrested and had before the said justice, one Robert Grow, charged with the crime of burglary and larceny, and the' charge pending before the justice on complaint of one Mr. Cough. The accused, on being arraigned, plead not guilty, and in the opinion of the magistrate it was necessary to adjourn the examination of the accused on the pending eharge to the next day, February 18, 1891, which was done. The accused was ordered to enter into recognizance for his appearance for examination; that Grow failed to do this, and was by the magistrate committed to custody; that at the same time the defendant in error was present under subpoena, as a witness against the accused, and was required to enter into recognizance, with sufficient sureties, for his appearance, to give evidence against the aceused before the magistrate on February 18, 1891, which defendant in error refused to do; whereupon the magistrate, by an order and warrant in writing, duly committed the defendant in error to the custody of plaintiff in error, for safe keeping, until he complied with the order of the magistrate, or was otherwise discharged. That in pursuance of this order of commitment, the answering defendant received the complainant into his custody, and detained him *143 until he was discharged, and had him before the magistrate" on February 18, to give evidence against the accused ; that the answering defendant did not otherwise or to other extent detain or imprison complainant.
The other defendants did not answer, but made default.
Plaintiff below demurred to the second defense, which demurrer was sustained by the common pleas court, and the second defense dismissed.
The case proceeded to a trial to a jury on the issues made by the petition and answer containing the first defense, and . resulted in a verdict for $200.00 in favor of the plaintiff and against the defendant. After the jury had been discharged, a motion for judgment for defendants on the verdict was not allowed. A motion for new trial was also not allowed, and the court, on its own motion, changed the verdict of the jury, so as to make it against the defendants, and entered judgment on the verdict against all of the defendants. To all of which orders and judgments of the court defendants excepted.
The action of the common pleas court in overruling the various motions of defendants and in sustaining the- demurrer to the second defense, are assigned for error in this court.
A sheriff, constable or other ministerial officer, at best, is rather unhappily situated. However circumspect he may be, he is liable to be annoyed and harrassed by expensive and vexatious litigations, provoked by a prompt, vigorous and thorough execution of all writs and process directed to him; but, the speedy administration of justice requires that the mandates of all courts and tribunals and persons possessing judicial powers should be executed promptly and without hesitation by those to whom they are directed. To secure this, it is necessary that the law should throw its protecting mantle around those executing its mandates, and hold them harmless so long as they do only what they are commanded to do, without requiring them to determine whether it is rightly and properly commanded or not. Hence arises the principle which is universally held to be the law, that a ministerial of *144 fleer, acting under process fair upon its face, and issuing from a tribunal or person having judicial powers, with apparent jurisdiction to issue such process, is protected and justified in obeying it, against all irregularities except his own.
It is stated in the second defense, and the demurrer admits the statement to be true, that the answering defendanttook the defendant in error into his custody and detained him in obedience to the command of a writ of commitment issued by a justice of the peace, commanding him to do so; and that all he did in the premises was authorized and required by the Avrit.
In’ considering and disposing of the demurrer, therefore, a single question, only, is presented. Had the examining magistrate power and right under the laAV to make the order of commitment?
To a majority of this court there is no question of doubt in answering this question in the affirmative.
Speaking for myself alone, I am very decidedly of opinion that full authority and power to coerce and compel the presence of a Avitness in a lawful proceeding, to the extent of committing him to prison, if necessary, inheres in a court or tribunal charged with the performance of a public duty. It seems to me that a coui’t, so defectively constituted as not containing Avithin itself the poAver to make and enforce orders and dispositions, reasonable and necessary to accomplish the object of its creation, AA'ould be an abortion, and of all things the most contemptible, miserable and useless. I find myself, however, in a hopeless minority as to that proposition.' My brethren do not agree Avith me, and the court does not base its decision of the question on that ground, but upon the grounds that the statute expressly confers such poAver. A majority oí the court — Judge Moore not concurring, — feels vqry clear in holding that the statute, in express terms, does clothe the magistrate with ample and full power and authority to do precisely Avhat, as appears by the allegations made in the second defense, was done in the case under consideration.
*145 By the provisions of sections 7143 and 7144, Rev. Stat., an examining magistrate is authorized to adjourn the examination of a person accused of crime from time to time, and recognize or commit the accused to jail.
Sec. 7150 provides: “ When the accused enters into a rec- ' ognizance, or is committed in default thereof, the magistrate shall require such witnesses against the prisoner, as he deems necessary, to enter into recognizance to appear and testify before the proper court, etc.”
See. 7151. “ When the magistrate is satisfied that there is reason to believe that any such witness will not perform the condition of his own recognizance, he may, when the offense charged is á felony, order him into recognizance with sufficient surety.”
Sec. 7153. a If the witness so required to enter into recognizance refuse to comply with such order, the magistrate shall commit him to jail, until he complies with such order etc.”
These sections, with others, provide for the preliminary examination of persons accused of crime, pointing, out with particularity the course of procedure, and conferring direct authority on the examining magistrate, in the exercise of a sound discretion, to diseharge, recognize or commit to prison a person accused of crime, or a necessary witness against him, as the justice of the case and the attending circumstances may reasonably require.
The conclusion reached is that the magistrate had jurisdiction to make the order of commitment; that the constable in executing the writ reasonably, is protected, and these facts, averred in an answer and proven on the trial, constitute a complete defense to an action for false imprisonment.
This conclusion necessarily reverses the judgment entered, and sends the matter back to the common pleas to be further proceeded with; and makes it unnecessary to notice the other assignments of error, and we do not further than to say that the question of setting aside the verdict because of excessive dam *146 ages, made in the petition in error, was not presented to the court below at the hearing of the motion for new trial, and is not before this court. Further, the court is unanimous in the opinion that the action of the court below, in changing the verdict of the jury, finds no warrant in law, but was irregular and fatally so, if any prejudice £cr a party resulted from it; and we are all of opinion that no prejudice did result in this case; the Court only, in effect, doing indirectly that which, with propriety, it might have done directly. The verdict of the jugy was as broad as, and fully covered, the issues submitted to it. Issue only was joined between the plaintiff and one defendant and the verdict returned covered that. The other defendants did not answer, but made default, and judgment should have been entered against them on default, and the court, under the provisions of see. 5320, Rev. Stat., was required to have the damages assessed. It might have performed that duty itself, referred it to a referee, or submitted it to the jury. Neither of the last named things was done, and we conclude the court in changing the verdict of thejurv selected that method of discharging its duty to ascertain the damage, and was, in fact, only assessing the damage, against the non-answering defendants.
James Kernan¡ for plaintiff in error.

J. Detweiler, contra.

We find the court erred in sustaining the demurrer to the second defense. The judgment is reversed; the verdict set aside and new trial granted. Demurrer to second defense is not allowed. Costs to defendant in error. Execution awarded, and cause remanded to be further proceeded with in accordance with law.